UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROFESSIONAL MANAGEMENT
SERVICES GROUP, INC.,

    Plaintiff,

v.    Case No: 8:14-cv-2180-T-36EAJ

ZURICH AMERICAN INSURANCE
COMPANY, INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court upon Defendant Zurich American Insurance Company, Inc.'s ("Zurich") Motion to Stay Action and Compel Arbitration Pursuant to Federal Arbitration Act (Doc. 7). Plaintiff Professional Management Services Group, Inc. ("PMG") responded in opposition to the Motion (Doc. 16). PMG also filed a Motion for Leave to Amend Complaint (Doc. 15), to which Zurich responded in opposition (Doc. 17). The Court, having considered the motions and being fully advised in the premises, will now GRANT Zurich's Motion to Stay Action and Compel Arbitration, and DENY PMG's Motion for Leave to Amend Complaint.

**I.    BACKGROUND**

This case concerns the payment of a judgment obtained by Zurich's affiliate against PMG. PMG alleges as follows: Zurich's affiliate obtained a judgment against PMG for unpaid service fees and attorneys' fees and costs totaling approximately $636,000. Doc. 2 ("Compl.") ¶ 1. PMG and Zurich have an insurance agreement pursuant to which Zurich is required to maintain a collateral trust to pay any amount due under any agreement PMG may have with Zurich or any of Zurich's affiliates. *Id.* ¶ 2; *see also* Doc. 1-3, Ex. C ("Program Agreement"). Accordingly, Zurich

was required to satisfy the judgment using monies from the collateral trust. Compl. ¶ 2. Zurich has refused to do so, and has chosen instead to pursue collection efforts against PMG. *Id.* ¶ 3.

PMG asserts counts for breach of contract and breach of implied covenant of good faith and fair dealing. *Id.* ¶¶ 9-18. PMG also seeks to enjoin Zurich from applying the funds in the collateral trust to pay disputed amounts in a separate action between Zurich and PMG. *Id.* ¶¶ 19-27.

Zurich now moves to stay the action and compel arbitration pursuant to the Federal Arbitration Act, 9 US.C. § 1 *et seq.* ("FAA"). In its opposition, PMG does not dispute that it is required to arbitrate certain types of claims. Rather, PMG argues that it is moving, in a separate motion, for leave to amend the Complaint to add counts for breach of implied fiduciary duty and unjust enrichment, which, according to PMG, are beyond the scope of arbitration.

## II. DISCUSSION

### A. Motion to Stay Action and Compel Arbitration

Zurich argues that the Court should stay the action and compel PMG to arbitrate the claims in its Complaint. The Court agrees. In resolving a motion to compel arbitration pursuant to the FAA, a court engages in a two-step inquiry. *See Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). First, the court determines whether the parties agreed to arbitrate the dispute. *See id.* Second, the court determines whether "legal constraints external to the parties' agreement foreclosed arbitration." *Id.* (quotation marks and citation omitted).

Both prongs are satisfied here. *First*, it is undisputed that the claims in PMG's Complaint fall within the scope of the Program Agreement's arbitration clause, which provides that "[a]ny dispute arising out of the interpretation, performance or alleged breach of this Agreement, shall be settled by binding arbitration administered by the American Arbitration Association (AAA) under

its Commercial Arbitration Rules . . . ." Program Agreement at Z000289. *Second*, it is also undisputed that no legal constraints external to the agreement would otherwise foreclose arbitration of those claims.

Rather, PMG opposes arbitration only on the ground that it should be granted leave to file its proposed amended complaint, which, according to PMG, includes claims that are outside the scope of arbitration. Accordingly, unless the Court grants leave to amend, the Court must stay this action and compel the parties to arbitrate this dispute.

### B.    Motion for Leave to Amend Complaint

Federal Rule of Civil Procedure 15 requires a court to "freely give leave" to a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Supreme Court explained, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is within the discretion of the district court to grant or deny an opportunity to amend. *See id.*

PMG seeks to amend its Complaint to add two counts: one for breach of implied fiduciary duty, and one for unjust enrichment. *See* Doc. 15-1. PMG is also seeking punitive damages for its proposed breach of implied fiduciary duty claim. *See id.* PMG argues that these proposed claims, and the relief sought therefor, are outside the scope of arbitration. Zurich disagrees, arguing that the proposed claims would still fall under the umbrella of the arbitration clause of the Program Agreement.

The Court agrees with Zurich. Although the proposed claims sound in tort, rather than contract, all are premised on the same core factual allegations regarding Zurich's alleged refusal to draw down on the collateral trust. Indeed, contrary to PMG's bald assertion otherwise, PMG's proposed claims do not involve facts beyond the contract terms. *See* Doc. 15-1 ¶ 22 (alleging, under proposed count for breach of implied fiduciary duty, that "Zurich failed to honor the trust PMG placed in Zurich *by refusing to apply PMG's Collateral Trust funds towards the debt owed to Zurich's affiliate*") (emphasis added); *id.* ¶ 28 (alleging, under proposed count for unjust enrichment, that "[t]he Collateral Trust funds presently remain for the benefit of Zurich but should be used to satisfy the damages PMG has suffered *as a consequence of Zurich's refusal to properly apply those funds*") (emphasis added). Accordingly, these claims, like the breach of contract and breach of implied covenant of good faith and fair dealing claims, "aris[e] out of the . . . alleged breach of [the Program] Agreement" and thus fall within the purview of the arbitration clause.

Notably, the situation here is virtually indistinguishable from that in *Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382 (11th Cir. 1996). In *Gregory*, the parties entered into a stock purchase agreement that contained an arbitration clause requiring the parties to arbitrate any disputes "[that] may arise hereunder." *Id.* at 383. The plaintiffs nevertheless filed suit in federal court, arguing that certain of their causes of action, which were "variously phrased in tort terms," fell outside the scope of the arbitration clause. *Id.* at 384. The Eleventh Circuit disagreed, stating that "[w]hether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint rather than the legal causes of action asserted." *Id.* Thus, held the Eleventh Circuit, regardless of the fact that the claims were "couched in various terms and theories of action," because "the allegations of fact [in the complaint] reflect that these claims all arose under the agreement," the plaintiffs were required to arbitrate all of their claims. *Id.*

4

PMG argues that its proposed amended complaint nevertheless escapes arbitration because it would create "legal constraints external to the parties' agreement" that foreclose arbitration. Specifically, PMG notes that the arbitration clause limits damages to compensatory damages, *see* Program Agreement at Z000290, so compelling arbitration would deprive PMG of its right to seek punitive damages for its proposed breach of implied fiduciary duty claim.

Under the terms of the Program Agreement, however, this is an argument PMG must present to the arbitrator. Although the validity of an arbitration clause is ordinarily a matter for the court to decide, this rule stands only in the absence of "clear and unmistakable evidence" that the parties intended the arbitrator to rule on the validity of the arbitration agreement. *See Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331 (11th Cir. 2005). Here, the parties have agreed to incorporate the American Arbitration Association ("AAA") rules. *See* Program Agreement at Z000289 ("[a]ny dispute . . . shall be settled by binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules"). AAA Commercial Arbitration Rule No. R-7, "Jurisdiction," provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."[1] Accordingly, because the parties have clearly and unmistakably agreed that the arbitrator should decide whether and to what extent the arbitration clause is valid, PMG must present its contentions regarding its inability to seek punitive damages to the arbitrator. *Accord Terminix*, 432 F.3d at 1329, 1333 (compelling arbitration where arbitration clause provided that arbitration would be

---

[1] *Available at* https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004103 (*last accessed* March 20, 2015).

conducted according to the AAA Commercial Arbitration Rules, despite appellee's contention that arbitration would illegally deprive it of its right to seek, *inter alia*, punitive and treble damages).

Finally, although the Court generally will afford a plaintiff at least one opportunity to amend, it need not grant leave to amend in situations such as here, where amendment would be futile. *See Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 445 (11th Cir. 1985) (affirming the district court's denial of leave to amend because "[t]he claims contained in the amendment to [the] complaint [were still] subject to the parties' agreement to arbitrate disputes"). Accordingly, because PMG has not shown that any of the proposed amended claims would escape arbitration or implicate legal constraints external to the parties' agreement, the Court will deny PMG's Motion for Leave to Amend.

### III.  CONCLUSION

It is hereby **ORDERED**:

1. PMG's Motion for Leave to Amend Complaint (Doc. 15) is **DENIED**.

2. Zurich's Motion to Stay Action and Compel Arbitration (Doc. 7) is **GRANTED**;

3. Pursuant to the Arbitration Agreement, the parties are compelled to arbitrate their claims; and

4. This action is **STAYED** pending the completion of arbitration.

5. The Clerk is directed to terminate all pending motions and to administratively close this case.

6. Upon resolution of arbitration or at any other appropriate time, any party may file a motion to lift the stay, reopen the case, and renew any previously pending motions. If the resolution of arbitration disposes of the matters at issue in this case,

PMG shall, within **fourteen (14)** days of the conclusion of the arbitration, immediately notify this Court and dismiss this action.

**DONE AND ORDERED** in Tampa, Florida on March 24, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any